# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEMONTEZ MOSLEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-3627** |
| **AMERICAN MILLENNIUM INSURANCE CO., ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by Demontez Mosley to remand the above-captioned matter to Louisiana state court. Mosley also requests costs and fees pursuant to 28 U.S.C. § 1447(c).

The Court concludes that American Insurance has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, the Court remands the case to the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana. However, the Court denies Mosley's request for costs and fees.

### I.

Demontez Mosley filed the present negligence action in Louisiana state court seeking damages arising from an automobile accident.[2] Mosley alleges that he was travelling behind a tractor-trailer operated by Rolando Tamez Casas when a tire tread detached from the tractor-trailer and struck Mosley's vehicle, causing Mosley

---

[1] R. Doc. No. 3.
[2] *See* R. Doc. No. 1-4.

to collide with a guardrail on the side of Interstate 12 in St. Tammany Parish.[3] Mosley alleges that the tracker-trailer was owned by Arizpe Transport & Logistics, LLC and insured by American Millennium Insurance Company ("American Millennium").[4]

After Mosley filed suit, American Millennium removed the case.[5] Mosley now seeks to have the matter remanded on the ground that the amount in controversy requirement is not satisfied.

## II.

Jurisdictional facts supporting removal, including the amount in controversy, are judged at the time of removal. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). To resolve disputes over the amount in controversy where a civil action has been removed from Louisiana state court, the Fifth Circuit has "established a clear analytical framework." *Id.* at 882. Louisiana law prohibits plaintiffs from specifying the numerical value of their damages in their petitions for damages. La. C. Civ. P. art. 893. As such, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia*, 233 F.3d at 882 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

A removing defendant can meet this burden in two ways: "(1) by demonstrating that it was facially apparent from the allegations of the state court petition that the

---

[3] *See id.* at 1-2; R. Doc. No. 7, at 1.
[4] *See* R. Doc. No. 1-4, at 1-2; R. Doc. No. 7, at 1.
[5] R. Doc. No. 1.

amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering summary-judgment type evidence of the facts in controversy, which support a finding that the requisite amount was in controversy." *Bienemy v. Hertz Corp.*, No. 16-15413, 2016 WL 6994200, at *2 (E.D. La. Nov. 30, 2016) (Morgan, J.) (internal quotation marks omitted). "If the amount in controversy is not facially apparent from the allegations in the state court petition and, in fact, is ambiguous at the time of removal, the court may consider a post-removal affidavit or stipulation to assess the amount in controversy as of the date of removal." *Id.* However, if "the amount in controversy is clear from the face of the state court petition, post-removal affidavits or stipulations that purport to reduce the amount of damages a plaintiff seeks cannot deprive the court of jurisdiction." *Id.*

Once the defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000, the "plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (internal quotation marks omitted). Any doubts about the jurisdictional facts supporting removal "are to be construed against removal and in favor of remand to state court." *Riley v. Wal-Mart, La.*, No. 15-5729, 2015 WL 9268160, at *1 (E.D. La. Dec. 21, 2015) (Africk, J.).

### III.

American Millennium argues that the jurisdictional amount is "facially apparent from the allegations of the state court petition." *Bienemy*, 2016 WL

3

6994200, at *2. The Court disagrees and concludes that American Millennium has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The petition for damages that Mosley filed in Louisiana state court alleges that Mosley "suffered and continues to suffer with pain in his shoulder, neck and back, as well as injuries to his entire body which will be demonstrated at trial."[6] As such, Mosley "seeks reasonable damages" for "[p]ast, present and future physical pain and suffering"; "[p]ast, present and future mental anguish and emotional pain"; "[p]ast, present and future medical expenses"; "[l]oss of the enjoyment of life (hedonic damages)"; "[p]ast, present and future lost wages"; and "[o]ther injuries and damages which a general quantum amount is hereby claimed."[7]

"To determine whether it is facially apparent from a plaintiff's petition that the jurisdictional amount is satisfied," courts generally consider "both the type and extent of the injuries alleged, the types of damages requested, and the presence or absence of factual allegations sufficient to establish the requisite likelihood, rather than a mere possibility, that damages will exceed $75,000." *Maze v. Protective Ins. Co.*, No. 16-15424, 2017 WL 164420, at *4 (E.D. La. Jan. 17, 2017) (Engelhardt, J.).

Here, Mosley's petition for damages "does not specify any *particular injuries* which [he] suffered as a result of the accident." *Vaughn v. Todd*, 71 F. Supp. 2d 570, 572 (E.D. La. 1999) (Fallon, J.) (emphasis added). Rather, Mosley simply offers the

---

[6] R. Doc. No. 1-4, at 2.
[7] *Id.*

4

vague allegation that he "suffered and continues to suffer with pain in his shoulder, neck and back, as well as injuries to his entire body."[8] This allegation alone, without more, is insufficient to demonstrate that the jurisdictional amount is met. *Cf. Bonck v. Marriott Hotels, Inc.*, No. 02-2740, 2002 WL 31890932, at *1-*3 (E.D. La. Dec. 30, 2002) (Vance, J.) (concluding the jurisdictional amount is not met where plaintiff alleges that he "suffered fractured cheek bones; a fractured jaw; broken teeth; severe head injuries; severe injuries to both shoulders, both arms, and both hands; severe neck injuries; and severe facial abrasions, lacerations and contusions," *id.* at *1, but does not allege that his "injuries required surgery" or "does not aver any period of hospitalization," *id.* at 2); *also cf. Touchet v. Union Oil Co. of Cali.*, No. 01-2394, 2002 WL 465167, at *2 (E.D. La. Mar. 26, 2002) (Sear, J.) ("The plaintiffs alleges, without specificity, injuries to his 'neck, back, and other parts of his body.' There is nothing in the petition to suggest the level of severity of these alleged injuries."); *Vaughn*, 71 F. Supp. 2d at 572 ("[Plaintiffs] simply allege 'severe and disabling injuries which include but are not limited to neck, upper and lower back, shoulders, head, and body as a whole.'").

Moreover, while "the types of damages alleged by Plaintiffs generally assist in establishing the amount in controversy . . ., such allegations alone, unaccompanied by pertinent factual detail, 'simply provide [ ] the usual and customary damages set forth by personal injury plaintiffs and do[ ] not provide the Court with any guidance as to the actual monetary amount of damages [Plaintiffs have] or will incur.'" *Maze*,

---

[8] *Id.*

2017 WL 164420, at *4 (alterations in original); *see also Vaughn*, 71 F. Supp. 2d at 572 ("The[ ] itemization of claims includes permanent disability, medical expenses, and lost wages. While the plaintiffs' list is extensive, there is no evidence as to the nature or extent of any of the claims.").

Here, Mosley's "list of damages is a typical listing of damage categories that a prudent attorney will include in his petition when medical treatment or complaints of pain are ongoing." *Touchet*, 2002 WL 465167, at *2. The list is completely lacking in detail from which the monetary value of the alleged damages can be estimated. For example, Mosley "does not state exactly what [physical and mental injuries] are alleged, what wages were lost or are expected to be lost, or what medical expenses were incurred." *Vaughn*, 71 F. Supp. 2d at 572. As such, it is not "facially apparent" from the allegations in Mosley's petition that the jurisdictional amount is satisfied. *Bienemy*, 2016 WL 6994200, at *2.

American Millennium points the Court toward a number of Louisiana state court opinions where awards for neck, back, and shoulder injuries exceeded $75,000.[9] However, Mosley's petition for damages simply does not contain sufficient facts to provide a point of comparison to these cases. Two shoulder injuries to two different people arising from two different accidents are not presumed analogous; their similarity must be *shown*. Mosley's petition does not permit such a showing.

The Court concludes that it is not "facially apparent from the allegations of the state court petition that the amount in controversy exceed[s] the $75,000.00

---

[9] R. Doc. No. 1, at 4-5.

jurisdictional threshold." *Id.* Because American Millennium has not offered the Court any "summary-judgment type evidence" for its consideration, a remand is therefore warranted. *Id.*

## IV.

Mosley also requests "just costs and attorney fees" pursuant to 28 U.S.C. § 1447(c).[10] Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Fifth Circuit has cautioned that such awards are only appropriate after "consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In other words, "absent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal." *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)) (alteration in original).

Here, the Court concludes that American Millennium had an "objectively reasonable basis for removal." *Id.* Louisiana case law supported American Millennium's belief that at least some neck, back, and shoulder injuries reach or surpass the jurisdictional amount. Therefore, the Court will not conclude that American Millennium's basis for removal was objectively unreasonable. In addition, American Millennium "appears to have acted in good faith and without any intention

---

[10] *See* R. Doc. No. 3, at 2.

of unnecessarily prolonging the litigation." *Bammoo, LLC v. Nat'l Marine Underwriters, Inc.*, No. 07-5913, 2007 WL 3231547, at *2 (E.D. La. Oct. 30, 2007) (Feldman, J.).

The Court concludes that awarding costs and fees pursuant to § 1447(c) is inappropriate.

V.

Accordingly,

**IT IS ORDERED** that Mosley's motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Mosley's request to remand is **GRANTED**, and the above-captioned matter be and hereby is **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana.

**IT IS FURTHER ORDERED** that Mosley's request for costs and fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

New Orleans, Louisiana, July 7, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**